UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-10392-CBM (KK)** | Date: | November 30, 2020 |
| Title: | *Marcus R. Ellington, Sr. v. State of California* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why The Petition Should Not Be Dismissed For (1) Failure to Name Proper Respondent and (2) Failure To Exhaust State Remedies

## I.
## INTRODUCTION

On November 3, 2020, Marcus R. Ellington, Sr. ("Ellington"), who is currently confined at California State Prison – Los Angeles County ("CSP-LAC") in Lancaster, California, constructively filed[1] a pro se Petition pursuant to 28 U.S.C. § 2254.  See ECF Docket No. ("Dkt.") 1, Pet. Ellington challenges his 2017 convictions in the Los Angeles County Superior Court for "criminal threat" and "weapon possession." Id. at 2.  The Petition purports to set forth numerous grounds for habeas relief.[2]  Id. at 4.

The Petition, however, appears subject to dismissal because (1) the Petition fails to name a proper respondent and (2) Ellington has not exhausted his state remedies with respect to at least one claim.  The Court will not make a final determination regarding whether the Petition should be dismissed without giving Ellington an opportunity to address these issues.

---

[1]  Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2]  From the Court's reading of the Petition, it is unclear how many claims Ellington purports to bring.  The Court, therefore, instructs Ellington to list and number his claims in a written response to this Order.

## II.
## DISCUSSION

### A.   THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citations omitted). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Id. at 435; see Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names the State of California as Respondent. Dkt. 1 at 1. However, the State of California is not a proper respondent in a habeas petition. Nesbitt v. California, No. SACV 12-1786-PSG (RNB), 2012 WL 6645607, at *1 n.1 (C.D. Cal. Oct. 19, 2012), report and recommendation adopted sub nom. Nesbitt v. Hutchens, 2012 WL 6643094 (C.D. Cal. Dec. 20, 2012) ("The Court notes that the People of the State of California is not a proper respondent for a federal habeas petition."). Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

### B.   THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented the claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, at least two of Ellington's claims appear to be exhausted. On direct appeal, in his petition for review to the California Supreme Court, Ellington raised the following three claims: (1) "The trial court committed prejudicial error [when] it failed to sua sponte instruct jurors on Lesser," (2) "The case should be remanded so trial court may strike an enhancement," and (3) "The court of appeal should reconsider (in-camera) Detective Salas' personnel files." Dkt. 1 at 2–3. On January 2, 2020, the California Supreme Court denied Ellington's petition for review. Id. at 3. Ellington appears to raise at least two of the same grounds raised in his petition for review in the instant Petition. See id. at 32 (stating Ellington was denied due process by being deprived of his right to a lesser included offense instruction); id. at 83 (stating the trial court abused its discretion when it refused in-camera review of the personnel files of all the officers that searched Ellington's room). Hence, it appears at least two of Ellington's numerous claims were properly exhausted.

The Court finds, however, at least one of Ellington's claims remains unexhausted. In "Ground five," of the instant Petition, Ellington claims the California Department of Corrections and Rehabilitation ("CDCR") "refused the relief of Prop. 57 to prisoners for whom the plain language of the law grants relief[.]" Id. at 6. Currently pending before the California Supreme Court is the CDCR's petition for review (Case No. S260851) of the California Court of Appeal decision (Case No. B296112) granting Ellington relief on his state habeas petition. Id. at 3; Appellate Courts Case Information, Supreme Court, Docket (Register of Actions), JUDICIAL COUNCIL OF CALIFORNIA (last updated Nov. 29, 2020 at 10:54 AM), https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2313207&doc_no=S260851&request_token=NiIwLSEmXkg%2BW1BZSCFNWEpJUDw0UDxTJSJeJz9TICAgCg%3D%3D. The California Supreme Court ordered briefing and deferred its ruling pending decisions in In re Gadlin (Case No. S254599) and In re Mohammad (Case No. S259999) which address whether Proposition 57 permits the CDCR to exclude from early or yearly parole consideration certain prisoners, such as those who have been previously convicted of a sex offense requiring registration. Appellate Courts Case Information, Supreme Court, Case Summary, JUDICIAL COUNCIL OF CALIFORNIA (last updated Nov. 29, 2020 at 10:54 AM), https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2313207&doc_no=S260851&request_token=NiIwLSEmXkg%2BWyAtSCItUEhIQFw0UDxTJSJeJz9TICAgCg%3D%3D. Thus, until the California Supreme Court issues a decision on the petition for review, "Ground five" remains unexhausted.

Additionally, it is unclear whether, in addition to "Ground five," the remainder of Ellington's numerous claims are exhausted. Ellington does not indicate whether the California Supreme Court is considering additional claims in the pending petition for review (Case No. S260851). See dkt. 1. The Court also recognizes Ellington filed a separate state habeas petition with the California Supreme Court (Case No. S263672), which the California Supreme Court denied on October 28, 2020. Id. at 4. Ellington, however, does not indicate which claims he asserted in this separate habeas petition. See dkt. 1.

Accordingly, because the Petition contains both exhausted and unexhausted claims, the Petition appears to be a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

///
///
///
///

# III.
# ORDER

Ellington is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for (1) failure to name a proper respondent and (2) failure to exhaust state remedies. Ellington must respond to this Order by filing a written response **no later than December 21, 2020.** Ellington must respond to this Order by (1) filing a request to amend the Petition to name the person who has custody over Ellington (e.g., the warden of CSP-LAC) as the respondent **AND** (2) explaining why the Petition should not be dismissed for failure to exhaust state remedies pursuant to one or more of the following options:

**Option 1 - Ellington May Explain His Numerous Claims Are Exhausted:** If Ellington contends he has in fact exhausted his state court remedies on all of his claims, he should first clearly list and number his claims and then explain how he has exhausted his state court remedies on each claim in a written response to this Order. Ellington should attach to his response copies of any documents establishing his claims are indeed exhausted. Ellington may also file a response and include a notice that if the Court still finds any of the numerous claims to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Ellington May Voluntarily Dismiss Any Unexhausted Claims And Proceed Only On Exhausted Claims:** If Ellington wishes to proceed on the exhausted claims only, he may (1) file a request to voluntarily dismiss any unexhausted claims by specifically listing any claims he intends to voluntarily dismiss **and** (2) in his written response to this Order, list and number the exhausted claims on which he intends to proceed. The Court advises Ellington that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing the voluntarily dismissed claims, including "Ground five," or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Ellington May Request A *Rhines* Stay:** Under Rhines v. Weber, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. 544 U.S. 269, 276 (2005); Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay-and-abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277–78.

Ellington may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Ellington did not intentionally engage in dilatory litigation tactics. See id. Ellington should include any evidence supporting his request for a Rhines stay.

**Option 4 - Ellington May Request A *Kelly* Stay:** Under Kelly v. Small, if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. 315 F.3d 1063, 1070–71 (9th Cir. 2003). This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170–71). Thus, while "<u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139–40 (emphasis in original) (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005)).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." <u>King</u>, 564 F.3d at 1140–41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (citation omitted).

Ellington may file a motion for a <u>Kelly</u> stay and follow the three-step procedure above. First, Ellington must file a proposed notice voluntarily dismissing "Ground five" and any other unexhausted claims. <u>See id.</u> at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted claims, which must be specifically listed and numbered, and allow Ellington the opportunity to exhaust the deleted "Ground five" and any other unexhausted claims in state court. <u>See id.</u>

**<u>Caution</u>:** Ellington is cautioned that if he requests a stay and the Court denies the request for a stay, or if Ellington contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. In addition, the Court warns Ellington that if Ellington should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). **Accordingly, Ellington may select options in the alternative.**

**The Court expressly warns Ellington that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition, for failure to name a proper respondent, and/or for his failure to comply with court orders and failure to prosecute. See FED. R. CIV. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Ellington at his current address of record.**

    **IT IS SO ORDERED.**